In re SYSTEMS INTERCHANGE CORPORATION, a Florida corporation, Debtor.

SOUTHEAST BANK, N.A., Plaintiff,

v.

SYSTEMS INTERCHANGE CORPORATION, a Florida corporation, Defendant.

Bankruptcy No. 82–01770–BKC–SMW.
Adv. No. 82–1149–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 24, 1983.

William Manker, Miami, Fla., for defendant.

Myrna D. Bricker, Miami, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon a Complaint seeking determination of the validity, priority and extent of lien and relief from stay, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the argument of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Defendant is engaged in the business of computer sales and services. It is presently in default of certain loans extended by Plaintiff. Plaintiff claims a general lien on all the inventory of Defendant as well as various other assets. Defendant brings a Counterclaim against Plaintiff, alleging preferential transfers.

The evidence establishes that Plaintiff holds a lien on assets of Defendant in the amount of $64,597.76, plus interest. Defendant challenges the validity of Plaintiff's lien, by asserting that Plaintiff failed to affix the necessary documentary stamps

on the promissory notes in evidence as required by Florida law. Upon review of the instruments and of the testimony of the bank's witness, the Court finds that the requisite documentary stamp taxes were paid on all advances made by the bank to Defendant in compliance with state law. The Court therefore concludes that Plaintiff has a valid, first priority lien on assets of Defendant in the total amount of $64,-597.76, plus interest.

■ Defendant's Counterclaim alleges that transfers of funds from Defendant's bank account prior to bankruptcy constitute preferential transfers. Defendant did not offer proof of improvement of position of Plaintiff, and thus has failed to sustain its burden of proof so as to warrant any finding by the Court that such transfers were preferential. The Court finds that Plaintiff is undersecured by collateral presently held by Defendant, and that Plaintiff's general lien extends to property of Defendant which is in the possession or custody of Plaintiff. The Court thus concludes that the transfers of funds from the Defendant's account prior to bankruptcy do not constitute preferences voidable by Defendant, and that Plaintiff is entitled to retain those funds as collateral securing Plaintiff's lien.

■ The Court further finds that Plaintiff is not being adequately protected and is entitled to relief in the form of monthly interest payments, to begin immediately and to be calculated on the full amount of the debt of $64,597.76 principal, with interest to be calculated at the contractual rate of 15%.

The Court denies Plaintiff's Motion to Strike Defendant's Amendment to Answer. Plaintiff is deemed to have answered the Counterclaim by general denial. The Court allows the Defendant until March 15, 1983 to file a plan of reorganization so long as Defendant continues to provide Plaintiff with the adequate protection described hereinabove.